NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-7036

ROBERT J. MAY,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:   December 8, 2006
_____

Before MAYER, PROST, <u>Circuit Judges</u>, and WHYTE, <u>District Judge</u>.[*]

PER CURIAM.

Robert J. May appeals the judgment of the United States Court of Appeals for Veterans Claims, which vacated the Board of Veterans' Appeals' denial of his motion for revision on grounds of clear and unmistakable error, and remanded his claim to be held in abeyance pending the final resolution of the underlying case.  <u>May v. Nicholson</u>, No. 04-0774 (Vet. App. Aug. 5, 2005).  We <u>affirm</u>.

_____

[*]     Honorable Ronald M. Whyte, United States District Court for the Northern District of California, sitting by designation.

On March 7, 2003, the Board of Veterans' Appeals issued a decision denying May's claim for an increased disability rating for his sciatic nerve condition, and also denying his claim that his other injuries were service-connected. In June 2003, May filed a motion for revision and reconsideration of that decision. Specifically, he argued that the board's decision should be revised because it constituted clear and unmistakable error ("CUE"), or alternatively, that a motion for reconsideration should be granted. In separate decisions, the board denied May's motion for revision on grounds of CUE, and it also denied his motion for reconsideration of the underlying decision. May appealed both decisions to the Veterans Court, which held that the board lacked jurisdiction to entertain the CUE claim because the direct appeal of the board's decision was still pending. Accordingly, the Veterans Court vacated the board's denial of the CUE claim and remanded it to be held in abeyance pursuant to 38 C.F.R. § 20.1410.

Section 20.1410 requires the board to stay a motion for revision of a decision on grounds of CUE if the underlying board decision is pending appeal. The board's March 7 decision was not yet final and, in fact, the direct appeal from that case is still pending before the Veterans Court. Thus, the board did not have jurisdiction to entertain May's motion for revision on grounds of CUE, and the Veteran's Court ruling is correct.