# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-1000

LARRY D. FAGRE,                                                    APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS,                                    APPELLEE.

Before KASOLD, HAGEL, and LANCE, *Judges*.

**O R D E R**

The appellant appeals through counsel a September 11, 2006, Board of Veterans' Appeals (Board) decision that denied him disability compensation (1) for a psychiatric condition, including post-traumatic stress disorder (PTSD), because it was not service connected, and (2) for a disability manifested by fatigue, a disability manifested by a skin rash, a disability manifested by headaches, and a disability manifested by diarrhea and abdominal complaints, all claimed as undiagnosed illnesses resulting from service in the Persian Gulf War,[1] because they were not service connected.

Prior to the parties' briefing on this appeal, the Secretary moves to dismiss the appeal with regard to the Board's denial of disability compensation for all claimed disabilities except the disability manifested by diarrhea and abdominal complaints. In support of his motion, the Secretary argues that (1) the Board decision on appeal contains a final decision on each of the disabilities claimed by the appellant, (2) within 120 days of the Board decision on appeal, the appellant filed for reconsideration of only the decision denying disability compensation for a disability manifested by diarrhea and abdominal complaints and the filing for reconsideration therefore abated the finality of only that decision, (3) since reconsideration was not sought for the Board's decision denying disability compensation for the other claimed disabilities, to be timely, a Notice of Appeal (NOA) with respect to the other claimed disabilities had to be filed within 120 days of the mailing of the

---

[1] The September 11, 2006, decision also remanded the appellant's claims for entitlement to service connection for a disability manifested by muscle and joint pain other than the spine, a disability manifested by neck and back pain, and a disability manifested by coughing and shortness of breath, all claimed as undiagnosed illnesses resulting from service in the Persian Gulf War. The Court therefore lacks jurisdiction over those claims. *Compare* 38 U.S.C. §§ 7104(d)(2) (providing that each decision of the Board shall include "an order granting appropriate relief or denying relief"), *and* 38 U.S.C. § 7252(a), *with* 38 C.F.R. § 20.1100 (b) (2008) (providing that "[a] remand is in the nature of a preliminary order and does not constitute a final decision of the Board"), *and Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005).

Board decision,[2] and (4) in this instance the NOA was filed more than 120 days after mailing of the Board decision.

The appellant responds that the Secretary did not inform him, in the notice of appellate rights accompanying the September 11, 2006, Board decision, that if a motion for reconsideration failed to specifically identify each of the claims finally decided by the Board, the appeal period would continue to run with respect to those claims not specifically identified. Additionally, he contends that nothing in section 7266(a) permits a veteran to file more than one NOA per Board decision and that a timely motion for reconsideration of a Board decision tolls the time for filing an NOA as to all claims adversely decided in that final Board decision "even if such claims were not specifically addressed and/or identified in [his] motion for reconsideration." Appellant's Response at 4. During oral argument, counsel for the appellant asserted that, liberally construed, his motion for reconsideration requested reconsideration as to all claims finally decided by the Board in its September 2006 decision.

It is not disputed that the Board decision on appeal denies disability compensation for each of the disabilities claimed by the appellant, that the appellant filed for reconsideration of the Board's decision with regard to at least one of his claimed disabilities, or that his NOA was filed more than 120 days after the Board decision was mailed, but within 120 days of the decision on his motion for reconsideration. Although the appellant contends his motion for reconsideration was actually for reconsideration of the entire Board decision, our decision in this matter does not rest on the scope of the motion for reconsideration, and for purposes of this opinion we will assume that it was limited to the decision of the Board with regard to his diarrhea and abdominal complaints.

It is well settled that a request for reconsideration of a final Board decision abates the finality of that decision, such that an appeal may be taken from that decision within 120 days of the decision on the request for reconsideration. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991). *Rosler*, however, involved a Board decision on a claim for disability compensation for only one claimed disability, and a motion for reconsideration on only that matter. It did not address the situation presented in this instance, where the claimant is seeking benefits for multiple disabilities and the Board issued a decision on each of those disabilities at the same time and in the same document, but the claimant filed a motion for Board reconsideration of only the decision on one of those claimed disabilities. Thus, given *Rosler* and the facts in this case, the question presented herein is what constitutes a final Board decision for purposes of determining if the appeal taken here is timely as to the overall decision of the Board with regard to all claimed disabilities or is only timely as to the decision denying benefits for diarrhea and abdominal complaints.

We conclude that, for purposes of abating the finality of the Board decision and timeliness of the appeal of that decision, it is the entire Board decision that constitutes the final decision. In

_____

[2] Pursuant to 38 U.S.C. § 7266(a), the Court's jurisdiction is invoked when a person adversely affected by a final Board decision files an NOA within 120 days after the Board decision is mailed to that person pursuant to 38 U.S.C. § 7104(e).

reaching this conclusion, we note again that the decisions rendered by the Board with regard to the various disabilities claimed by the appellant are contained within the same document and issued on the same date. And, this document was mailed on September 11, 2006, starting the time in which to appeal all matters in that document.

Moreover, the notice provided to the appellant of how to appeal the Board decision treated the decision as one decision rather than one document containing several discrete decisions.[3] It notified the appellant that he could, inter alia, appeal the decision or seek reconsideration of the decision. It also advised the appellant that if he sought reconsideration, he would have an additional 120 days after a decision on his motion for reconsideration in which to file his appeal. There is no indication that the Secretary treated the Board decision as other than one decision on the appellant's overall claim for disability compensation. There is no indication that the decision could be sub-divided into the various decisions rendered on the appellant's claim for disability compensation for numerous disabilities.

To determine the timeliness of an NOA, the Court will not parse the Board decision into, or by, the various decisions it rendered with regard to the appellant's claimed disabilities.[4] Accordingly, we hold that the appellant's motion for Board reconsideration, even if limited to the decision denying benefits for his diarrhea and abdominal complaints, served to abate the finality of the overall Board decision on his claim for disability compensation, and the appellant timely invoked the Court's jurisdiction over all aspects of the September 11, 2006, Board decision. *See* 38 U.S.C. § 7266(a).

Upon consideration of the foregoing, it is

ORDERED that the stay entered by the Court on February 19, 2008, is LIFTED. It is further

ORDERED that the Secretary's January 28, 2008, motion to partially dismiss for lack of jurisdiction is DENIED. It is further

ORDERED that not later than 30 days after the date of this order, the appellant file and serve on the Secretary his brief.

DATED: July 9, 2008                                          PER CURIAM.

---

[3] In addition to mailing the Board decision, *see* note 1, *ante*, the Secretary also must provide notice on the procedures for obtaining review of that decision, *see* 38 U.S.C. § 5104(a). *See also* 38 U.S.C. §§ 511, 7104(a) (discussing finality of the Secretary's decisions and Board jurisdiction).

[4] Nothing precludes the Board from issuing separate Board decisions with regard to each, some, or all disabilities claimed by a veteran, and we note that separate decisions have been rendered in the past.

3