# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-2369

STEVEN REED,                                                          APPELLANT,

    V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS,                                        APPELLEE.


Before GREENE, *Chief Judge*, and KASOLD and DAVIS, *Judges*.


## O R D E R

On August 17, 2007, Mr. Reed filed, through counsel, a Notice of Appeal (NOA), to an August 11, 2006, decision of the Board of Veterans' Appeals (Board) that denied him increased disability ratings for his VA service-connected major-depressive disorder, lumbar-spine disability, and cervical-spine disability.[1] On November 21, 2007, the Secretary filed a motion to dismiss the appeal as untimely. The Secretary argued that before the 120-day appeal period expired, Mr. Reed neither filed a motion for reconsideration regarding the matters denied in the August 2006 Board decision nor an NOA to the Court, and therefore his appeal was untimely. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991). In support of those contentions, the Secretary argued that (1) Mr. Reed's October 2006 motion for reconsideration only mentioned the increased-rating matters that were before the Board, but made no allegations of error regarding these matters, and Mr. Reed limited his argument for reconsideration to his disagreement with the Board's conclusion that he was not seeking review of his claim for a total disability based on individual unemployability (TDIU) rating; (2) Mr. Reed did not file a motion for reconsideration that included specific allegations of error regarding the increased-rating matters until April 5, 2007, nearly eight months after the August 2006 Board decision; and (3) his NOA to the Court was filed in August 2007, a year after the August 2006 Board decision. In response, Mr. Reed contends that his two motions for reconsideration tolled his time for filing an NOA with the Court and that, because his NOA was filed within 120 days from the date on which the Board Chairman denied his second motion for reconsideration, his NOA was timely.

On May 22, 2008, the Court granted the parties' joint motion for a stay of proceedings pending the outcome of *Fagre v. Peake*, 22 Vet.App. 188 (2008), which was decided in July 2008. In *Fagre*, the appellant was provided notice "how to appeal the Board decision [and the notice]

---

[1] The Court issued an October 24, 2008, per curiam order directing the appellant to file and serve on the Secretary his brief within 30 days. Because there has been no designation of the record, the Court will revoke the October 24, 2008, order and issue this one in its stead.

treated the decision as one decision and not as a document containing several discrete decisions." *Id*. at 191. The Court held that an appellant's motion for reconsideration to the Board on one issue abated the finality of the entire Board decision, thereby tolling the appeal period for all matters contained within the Board's decision until the Board Chairman issues a decision on that motion. *Id*. On August 21, 2008, the Court lifted the stay in this case and ordered the parties to file supplemental briefing addressing whether *Fagre, supra*, was applicable in this case. Both parties have responded.

Under 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a Board decision by this Court, the claimant must file an NOA with this Court within 120 days after the date on which the Board decision was mailed. *In re Quigley*, 1 Vet.App. 1 (1990). The only exception to this 120-day rule is in those cases in which the claimant has (1) filed a motion for Board reconsideration within 120 days after the mailing date of the Board's decision; and then (2) filed an NOA within 120 days after the Board Chairman has denied the reconsideration motion. *Rosler,* 1 Vet.App. at 249. A claimant may file repeated motions for Board reconsideration, and when each such motion is received within 120 days of the previous denial, the 120-day time limit is started again upon each denial. *Browne v. Principi*, 16 Vet.App. 278, 281 (2002) (citing *Murillo v. Brown*, 10 Vet.App. 108, 110 (1997)).

The Secretary has conceded that *Fagre, supra*, is applicable here and on September 5, 2008, filed a motion to withdraw his motion to dismiss. Because the notice provided to Mr. Reed as to how to appeal the Board decision treated the decision as one decision, the Court agrees. As such, Mr. Reed's filing of the October 2006 motion for reconsideration, which noted the denials of his increased-rating claims and made specific assertions on the matter of TDIU, abated the finality of the entire August 2006 Board decision. *See Fagre* and *Rosler*, both *supra*. The Board Chairman denied that motion on January 30, 2007. On April 30, 2007, within the 120-day period for filing an NOA to the Court, Mr. Reed again sought reconsideration of the Board's decision and specifically stated that he was seeking reconsideration of the decisions on his increased-rating claims. This motion for reconsideration once again abated the finality of the whole Board decision. *See Fagre* and *Browne*, both *supra*. The Board Chairman denied Mr. Reed's second motion for reconsideration on June 6, 2007, thereby triggering the 120-day period to appeal to the Court. *See Rosler*, *supra*. Mr. Reed's NOA was timely filed on August 17, 2007, within that period.

Upon consideration of the foregoing, it is

ORDERED that the Court's October 24, 2008, order is revoked and this order issued in its stead. It is further

ORDERED that the Secretary's September 5, 2008, motion to withdraw the November 21, 2007, motion to dismiss is GRANTED. It is further

ORDERED that, not later than 60 days after the date of this order, the Secretary either file with the Court and serve on the appellant a designation of the record on appeal in accordance with

Rule 10 of the Court's Rules of Practice and Procedure applicable to appeals filed before April 2008, or act pursuant to *In Re: Rules of Practice and Procedure*, __ Vet.App. __, Misc. No. 10-08 (Oct. 29, 2008) (en banc order).

DATED: November 5, 2008                                    PER CURIAM.