# United States Court of Appeals
# for the Federal Circuit

---

**LARRY G. TYRUES,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7011

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 04-584, Judge William A. Moorman.

---

Decided: February 11, 2011

---

KENNETH M. CARPENTER, Carpenter Charter, of Topeka, Kansas, argued for claimant-appellant. On the brief was MARK R. LIPPMAN, The Veterans Law Group, of La Jolla, California,

MARTIN F. HOCKEY JR., Assistant Director Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Direc-

tor, and Todd M. Hughes, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MARTIE S. ADELMAN, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, LINN and DYK, *Circuit Judges.*

RADER, *Chief Judge.*

The United States Court of Appeals for Veterans Claims ("Veterans Court") dismissed Larry J. Tyrues's appeal from the Board of Veterans Appeals ("Board") for lack of jurisdiction. *Tyrues v. Shinseki*, 23 Vet. App. 166, 177 (2009). Because the Veterans Court correctly interpreted 38 U.S.C. § 7266 to require an appeal within 120 days, this court affirms.

I

Appellant, Mr. Tyrues, served on active duty in the United States Army from September 1969 to April 1971, and from September 1990 to May 1991, including service in the Persian Gulf War. Mr. Tyrues was hospitalized with tonsillitis and refractory pneumonia in March 1994.

Mr. Tyrues pursued disability compensation for the same respiratory symptoms under two different statutes. In March 1995, Mr. Tyrues filed his initial claim with the United States Department of Veterans Affairs ("VA") seeking compensation for a direct service connection lung disorder under 38 U.S.C. § 1110. In December 1996, Mr. Tyrues added a second claim seeking compensation for "Persian Gulf Syndrome," arguing a presumptive service connection theory, under 38 U.S.C. § 1117.

In September 1998 ("September 1998 mixed decision"), the Board denied the § 1110 direct service claim ("September 1998 denied claim") and remanded the § 1117 claim for Persian Gulf Syndrome to a VA Regional Office ("1998 remanded claim").[1]

The Board then mailed Mr. Tyrues a Notice of Appellate Rights. This notice stated, in relevant part:

> NOTICE OF APPELLATE RIGHTS: Under 38 U.S.C. § 7266 . . . a decision of the Board of Veterans' Appeals granting less than the complete benefit, or benefits, sought on appeal is appealable to [the Veterans Court] *within 120 days* from the date of mailing of notice of the decision . . . The date that appears on the face of this decision constitutes the date of mailing and the copy of this decision that you have received is your notice of the action taken on your appeal by the Board of Veteran's Appeals. *Appellate rights do not attach to those issues addressed in the remand portion of the Board's decision,* because a remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (1997).

---

[1] A decision remanding one or more claims, while denying at least one other, is known as a "mixed decision."

(emphases added). Mr. Tyrues did not file a Notice of Appeal within 120 days from the date of mailing of notice of the Board's decision.

In April 2004, the Board again denied the remanded September 1998 claim ("2004 denied claim"). Mr. Tyrues thereafter appealed both the 2004 denied claim and the September 1998 denied claim to the Veterans Court. In October 2009, the Veterans Court affirmed the 2004 denied claim but dismissed the appeal of the September 1998 denied claim for lack of jurisdiction. This court vacated the Veterans Court's October 2009 judgment to dismiss and remanded the matter for reconsideration. *Tyrues v. Peake*, 273 Fed.Appx. 921 (Fed. Cir. 2008).

An en banc Veterans Court, in a split decision, again dismissed Mr. Tyrues's September 1998 denied claim for lack of jurisdiction. The Veterans Court held that the September 1998 denied claim was "finally decided" and not appealed within 120 days from the date of mailing of the Board's decision, as required by 38 U.S.C. § 7266(a). This court has jurisdiction under 38 U.S.C. § 7292(a).

## II

In appeals from the Veterans Court, this court reviews questions of law, including interpretation of statutory and constitutional provisions, without deference. 38 U.S.C. § 7292(d)(1). Absent a constitutional issue, this court may not review a challenge to the Veterans Court's factual findings or the application of law to facts. *Id.*

Under 38 U.S.C. § 7266, the Veterans Court has appellate jurisdiction:

> *In order to obtain review* by the Court of Appeals for Veterans Claims of a *final decision* of the Board of Veterans' Appeals, a person adversely affected by such decision

> *shall file* a notice of appeal with the Court
> *within 120 days* after the date on which
> notice of the decision is mailed pursuant
> to section 7104(e) of this title.

(emphases added).

Section 7266(a) is "mandatory and jurisdictional." *Henderson v. Shinseki*, 589 F.3d 1201, 1220 (Fed. Cir. 2009) (en banc). Final decisions are not subject to equitable tolling because § 7266(a) is jurisdictional. *Id.* at 1220. Therefore, all final decisions must be appealed within the 120 days prescribed by § 7266(a).

Mr. Tyrues maintains that an appeal under § 7266(a) is discretionary, and not fully final, until all claims have been finally decided. Mr. Tyrues further asserts that denied claims from a mixed decision are only sometimes treated as final for purposes of immediate judicial review. Mr. Tyrues elaborates that appealing the "sometimes final" decisions is discretionary. The question addressed herein is whether the non-remanded portion of a mixed decision from the Board is final for the purposes of § 7622(a) and must be appealed within 120 days from the date of judgment.

Administrative proceedings can have different underlying policy objectives than district court proceedings. As a result, there is not always "a precise congruence between the classical jurisdictional requirements applied to appeals from district courts and the jurisdictional standards applicable to review of administrative proceedings . . . ." *Dewey Elecs. Corp. v. United States*, 803 F.3d 650, 654 (Fed. Cir. 1986) (holding that non-remanded portions of a mixed decision from the Armed Services Board of Contract Appeals were final for the purposes of appeal to this court under 28 U.S.C. § 1295(a)(10)); *see also Elkins v. Gober,* 229 F.3d 1369, 1376 (Fed. Cir. 2000) ("Our

methodology in *Dewey* for contract cases applies with even greater force to veterans cases." (citations omitted)).  As such, the Board's jurisdiction does not mirror jurisdiction in district courts.

A decision from the Board is "sufficiently final" when "the process of the administrative decision-making has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action.'" *Elkins,* 229 F.3d at 1373 (quoting *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71 (1970)). Separate claims are separately appealable.  Each particular claim for benefits may be treated as distinct for jurisdictional purposes.  *Id.* at 1376.  This approach is "consistent with the approach adopted by the Veterans Court in treating a veteran's different claims as separately appealable matters." *Id.* at 1375 (citations omitted).

Mr. Tyrues interprets *Elkins* as espousing a conditional allowance for veterans who wish to appeal before all claims become final decisions.  This court concluded that "we may treat [the veteran's] individual claims as separable on appeal."  *Id.* at 1373, 1376.  Mr. Tyrues insists that usage of "may" in *Elkins* suggests a discretionary element.

The court's usage of "may" in *Elkins* does not mean appeals are discretionary. Instead, this court explained that some claims from a mixed decision may be appealable, while others are not.  In *Elkins*, this court explained two important tenets: (1) that the nature of administrative proceedings creates differences between how traditional jurisdictional rules should be applied—i.e., the final judgment rule does not apply; and (2) that a "final" administrative adjudication is determined when "adminis-

trative decision-making has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action." 229 F.3d at 1374. Summarizing these two tenets, the *Elkins* court explains "that a litigant's individual claims for relief *may, in certain circumstances*, be separable for purpose of appellate review." *Id.* (emphasis added). The circumstance when a litigant's individual claims for relief *may not* be appealed is when they are "intertwined with [the remanded claims]." *Id.* at 1376.

Without an exception to § 7266's 120-day requirement, the Veterans Court's opinion explains the practical implications of intertwined claims. The court explained that "the Court has jurisdiction over [non-remanded portions of mixed decisions] on direct appeal, but may decline to exercise its jurisdiction in such cases, as we frequently do. (citations omitted)." *Tyrues*, 23 Vet. App. at 177.

The Veterans Court's opinion in this case is not binding on this court, but the Veterans Court's opinions "are instructive of the manner in which a veteran's separate claims may be appealed sequentially." *Elkins*, 229 F.3d at 1375. This court encourages the Veterans Court to exercise its jurisdiction as needed to promote judicial efficiency and fairness when handling mixed decisions. This exercise of jurisdiction makes the most sense in light of the policy concerns underlying veterans claims.

Public policy supports allowing veterans to appeal denied claims as quickly as possible. *Id.* One particularly important policy consideration is advancing "the goal of timely providing benefits to disabled veterans." *Id.* Given the rigid jurisdictional nature of § 7266, this paramount goal is best achieved by allowing appeals once the Board

makes an individual claim final. Mr. Tyrues argues this court's precedent in *Brownlee v. DynCorp*, 349 F.3d 1343 (Fed. Cir. 2003), supports allowing but not requiring appeal once a Board decision makes an individual claim final.

*Brownlee* holds that appeals to this court from the Armed Services Board of Contract Appeals are discretionary when there is a mixed decision. 349 F.3d at 1347 ("Allowing the aggrieved party to wait . . . furthers the purposes of both the Contract Disputes Act of 1978 . . . and the doctrine of finality."). The present case is legally different from *Brownlee* in two important ways. First, this case is before the Board of Veterans Appeals, not the Board of Contract Appeals. The two boards pursue different policy objectives and adjudicate different types of cases. Veterans appeals, unlike contract appeals, do not adjudicate entitlement separate from issues of quantum. Second, and more importantly, § 7266 contains meaningfully different language from the statute interpreted by the *Brownlee* court.

*Brownlee*'s holding was premised on the statutory language of 28 U.S.C. § 1295(a)(10), the jurisdictional provision for this court to hear appeals from the Board of Contract Appeals. The court observed that § 1295(a)(10) "does not address the consequences of a failure to appeal from the 'final' judgment." *Brownlee*, 349 F.3d at 1347-48. In contrast, § 7266 plainly forewarns that:

> [I]n order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such a decision shall file a notice of appeal with the Court within 120 days after the date on

which the notice of the decision is mailed[.]

In light of § 7266's plain language, the policy considerations, and this court's precedent; all final decisions, even those appearing as part of a mixed decision, must be appealed within 120 days from the date of mailing of notice of the decision.

### III

Accordingly, this court affirms the Veterans Court's holding that the September 1998 denied claim was properly dismissed for lack of jurisdiction.

**AFFIRMED**