# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-584

LARRY G. TYRUES, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, *Chief Judge*, and HAGEL, MOORMAN,
LANCE, DAVIS, and SCHOELEN, *Judges*.[1]

## O R D E R

In an en banc decision dated October 2, 2009, the Court (1) vacated an April 7, 2004, decision of the Board of Veterans' Appeals (Board) denying Larry G. Tyrues entitlement to service connection on a *presumptive* basis under 38 U.S.C. § 1117 for a respiratory or lung condition resulting from an undiagnosed illness incurred in military service in the Persian Gulf and remanded that matter for further proceedings; and (2) dismissed, for lack of jurisdiction, the appeal from a September 29, 1998, Board decision denying Mr. Tyrues service connection for a lung disorder on a *direct* basis under 38 U.S.C. § 1110.[2] *Tyrues v. Shinseki*, 23 Vet.App. 166, 179-85 (2009) (en banc). The Court concluded that "a final Board decision denying VA disability compensation based upon direct service connection, while the consideration of benefits based upon presumptive service connection is still under adjudication, constitutes a final decision subject to separate appeal to the Court." *Id*. at 176 (discussing *Elkins v. Gober*, 229 F.3d 1369, 1373-76 (Fed. Cir. 2000)). Specifically, as to the 1998 Board decision, the Court held that the decision was "final concerning the issue of section 1110 compensation for direct service connection for a lung disability" and that, "[b]ecause the appellant did not file a [Notice of Appeal (NOA)] within 120 days after VA mailed notice of the Board's final September 1998 decision, the Court lacks jurisdiction to review the September 1998 Board decision." *Id*. at 181 (citing 38 U.S.C. § 7266(a)). Mr. Tyrues appealed that decision to the Federal Circuit.

On February 11, 2011, the Federal Circuit affirmed this Court's holding that "the September 1998 Board decision was properly dismissed for lack of jurisdiction." *Tyrues v. Shinseki*, 631 F.3d

---

[1] Judges Pietsch and Bartley did not participate in this decision because a full-Court conference was held in this matter subsequent to the April 12, 2012, remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) and prior to their appointment. *See* Court's Internal Operating Procedures VII(b)(3) (En Banc Review Granted).

[2] The 1998 Board decision also had remanded to a VA regional office, for further development, the matter of service connection on the presumptive basis that, 5 years later, resulted in the April 2004 Board decision now on appeal.

1380 (Fed. Cir. 2011). The Federal Circuit agreed that the "non-remanded portion" of the 1998 Board decision was a final decision for the purpose of 38 U.S.C. § 7266(a) and held: "In light of § 7266's plain language, the policy considerations, and this court's precedent[,] all final decisions, even those appearing as part of a mixed decision [(i.e., a decision containing remanded and non-remanded portions)], must be appealed within 120 days from the date of mailing of notice of the decision." *Id*. at 1385. Mr. Tyrues filed a petition for writ of certiorari, which the U.S. Supreme Court granted, and the Supreme Court vacated the judgment of the Federal Circuit and remanded the case to the Federal Circuit for further consideration in light of *Henderson v. Shinseki*, 131 S. Ct. 1197 (2011) (*Henderson III*), which held that the 120-day deadline for filing an appeal with this Court–although an important procedural rule–does not have jurisdictional consequences. *Tyrues v. Shinseki*, 132 S. Ct. 75 (2011).

In an April 12, 2012, order, the Federal Circuit, in turn, vacated this Court's judgment and remanded the case "for further proceedings to determine whether the non-jurisdictional nature of the 120-day deadline should lead to a different result." *Tyrues v. Shinseki*, No. 2010-7011, 467 F. App'x 889, 2012 WL 1389702 (Fed. Cir. Apr. 12, 2012). The Federal Circuit issued mandate on June 4, 2012.

After reviewing the Court's October 2, 2009, decision, the Court has determined that the nonjurisdictional nature of the 120-day deadline does not lead to a different result. The result reached by the Court was that the 1998 Board decision was a final decision on the matter of entitlement to service connection for a lung disorder on a direct basis under section 1110; and dismissal of that part of the appellant's April 2004 appeal as to the 1998 Board decision was appropriate because Mr. Tyrues failed to file an NOA within 120 days after the 1998 Board decision was mailed, as required under 38 U.S.C. § 7266(a). *Tyrues*, 23 Vet.App. at 180-82.

Although the 120-day deadline is no longer jurisdictional, it is an "important procedural rule," *Henderson III*, 131 S. Ct. at 1206, and is subject to equitable tolling within the parameters established by the Federal Circuit and this Court prior to *Henderson v. Peake*, 22 Vet.App. 217 (2008) (*Henderson I*) (holding that equitable tolling was not for application under any circumstances), *aff'd sub nom. Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009) (en banc) (*Henderson II*), *rev'd*, 131 S. Ct. 1197 (2011). *Bove v. Shinseki*, 25 Vet.App. 136 (2011) (per curiam order) (citing cases).

A review of the docket in this case reveals that Mr. Tyrues filed his appeal in April 2004, prior to *Henderson I*, which held in 2008 that equitable tolling of the 120-day filing period was not permitted. At the time he filed his briefs with this Court, however, in November 2004 and February 2005, the 120-day period *was* subject to equitable tolling, yet he presented no argument that the time to file an appeal from the 1998 Board decision should be equitably tolled. Similarly, although Mr. Tyrues was given an opportunity to brief the impact of *Henderson III* prior to the Federal Circuit's recent decision remanding this matter to this Court, *see Tyrues v. Shinseki*, 2010-7011

(Fed. Cir. Mar. 22, 2012) (order), he did not argue that the time to file should be equitably tolled.[3] Rather, throughout this litigation, Mr. Tyrues has only pursued the argument that VA "incorrectly split [his] singular claim for service-connected lung disorder into two claims based upon differing theories of etiology." Appellant's Brief at 9.

As discussed in the Court's October 2009 decision, the Federal Circuit in *Elkins* held that, "[b]ecause . . . each 'particular claim for benefits' may be treated as distinct for jurisdictional purposes, a veteran's claims may be treated as separable on appeal." 229 F.3d at 1376. Further, "the unique statutory process of adjudication through which veterans seek benefits may necessarily require that the different issues or claims of a case be resolved at different times, both by the agency of original jurisdiction and on appeal." *Id*. at 1375. In recently quoting this conclusion, the Federal Circuit in *Sturdivant v. Shinseki*, No. 2011-7001, 2012 WL 1720380 (Fed. Cir. May 16, 2012) (nonprecedential opinion), explained: "This flexible system benefits veterans by permitting adjudication of issues as they become ripe while allowing the VA time to appropriately develop other issues or claims." *Id.* at *3.

Accordingly, because the appellant (1) did not file an NOA within 120 days after VA mailed the Board's September 1998 decision, (2) filed no asserted appeal for more than 5 years thereafter, and (3) did not assert that the time to file his appeal should be equitably tolled, the Court reaffirms its 2009 decision that any appeal from the September 1988 Board decision was required to have been filed within the 120-day period. *See* 38 U.S.C. § 7266(a); *Elkins*, *supra*.

Upon consideration of the foregoing, it is

ORDERED that this Court's October 2, 2009, decision dismissing the appeal as to the September 29, 1998, Board decision is MODIFIED, as discussed above, to reflect that (1) the 120-day deadline is nonjurisdictional but nevertheless an important procedural rule subject to equitable tolling, not argued or warranted in this case; (2) the nonjurisdictional nature of the 120-day rule does not alter the Court's holding that the 1998 Board decision was final on the matter of entitlement to service connection for a lung disorder on a direct basis under 38 U.S.C. § 1110; and (3) dismissal of the April 2004 appeal as to the 1998 Board decision was appropriate. Judgment on the Court's October 2, 2009, decision, as MODIFIED, shall enter in accordance with Rule 36 of the Court's Rules of Practice and Procedure.

DATED: August 23, 2012                                        PER CURIAM.

HAGEL, *Judge*, concurring in the result, dissenting in part: I continue to concur in the majority's ultimate conclusion that the Court cannot review the September 1998 Board decision

---

[3] The Court takes judicial notice of the parties' pleadings filed in this case at the Federal Circuit. *See Cotant v. Principi*, 17 Vet.App. 116, 125 (2003) (taking judicial notice of pleadings, including the parties' arguments regarding legislative and regulatory history, that had been filed in another case pending before the Court).

because no Notice of Appeal was filed within 120 days of that decision. I also concur in the majority's new analysis regarding the applicability of equitable tolling. However, I again write separately to reiterate my belief, first stated in my separate statement to the October 2009 decision, that our inability to review the September 1998 Board decision stems from the fact that a claim for benefits for a chronic lung disorder is a separate and distinct claim for VA compensation purposes from a claim for benefits for Persian Gulf Syndrome under 38 U.S.C. § 1117. I need not restate the entirety of my earlier separate statement here; suffice it to say that my position is unchanged.

LANCE, *Judge*, with whom SCHOELEN, *Judge*, joins concurring in part and dissenting in part: I continue to concur in the majority's outcome on the theory addressed in the majority opinion in *Tyrues v. Shinseki*, 23 Vet.App. 166 (2009) (en banc) (*Tyrues I*). I also concur in the majority's new analysis regarding the applicability of equitable tolling. However, I again write separately to state that I continue to disagree, for the reasons outlined in my dissent in *Tyrues I*, with the majority's conclusion that we lack jurisdiction over the entire claim. As with my other dissenting colleague, I will not restate my prior opinion here. However, there are two points that are worth noting at this stage.

First, although there is no evidence that the appellant in this particular case could carry his burden to prove equitable tolling, the fundamental problem is still one of protecting the appellate rights of unsophisticated claimants who diligently pursue their claims. As I pointed out in my original dissent, the majority opinion is based upon the veteran-unfriendly presumption that this Court's decision provides adequate notice to unrepresented claimants that they must immediately appeal a bifurcated decision or lose their appellate rights. 23 Vet.App. 166, 195 (2009) (Lance, J., concurring in part and dissenting in part). Thus, it is entirely possible for a claimant to diligently contest his or her claim only to discover that he or she has forfeited part of it because it is not obvious to a lay person that a Board decision must be appealed immediately when part of a claim has been remanded for further consideration. However, the solution to protecting diligent claimants is not to *sub silentio* overrule this Court's decision by applying equitable tolling in the absence of evidence. Rather, it is to simply base our decision on a realistic expectation of diligence on the part of claimants who lack attorneys to advise them. Accordingly, the Supreme Court's decision to remand this matter for further consideration in light of *Henderson v. Shinseki*, 131 S.Ct. 1197 (2011), highlights one of the central flaws of the majority opinion.

Second, I am compelled to note that the Federal Circuit's first decision in this case does not appear to actually address the situation presented by the facts of the case. *See Tyrues v. Shinseki*, 631 F.3d 1380 (Fed. Cir. 2011), *vacated*, 132 S. Ct. 75 (2011) (mem.). The Federal Circuit framed the issue as "whether the non-remanded portion of a mixed decision from the Board is final." *Id.* at 1383. However, this case is not about a "mixed decision," where the Board denies one claim while remanding another. This case is about the finality of a single claim that the Board bifurcates based upon different theories. Accordingly, when the Federal Circuit held that "[s]eparate claims are separately appealable. Each particular claim for benefits may be treated as distinct for jurisdictional purposes," *id.*, it misses the mark.

4

It is well established that separate claims are jurisdictionally separate, *see*, *e.g.*, *Elkins v. Gober*, 229 F.3d 1369, 1376 (Fed. Cir. 2000), and that all theories of entitlement to benefits for a particular condition are part of the same claim, *see Schroeder v. West*, 212 F.3d 1265, 1271 (Fed. Cir. 2000); *see also Clemons v. Shinseki*, 23 Vet.App. 1, 5 (2009) (holding that the scope of a claim is generally defined by the symptoms for which a veteran is seeking compensation). Allowing separate claims addressed within one Board decision to be treated separately for purpose of appeal promotes speedy and efficient resolution of claims. Defining claims broadly to encompass all theories of entitlement is beneficial to veterans because it provides them with broad assistance and the earliest possible effective date in the frequent situation where the veteran is entitled to compensation for his condition, but the initial theory of the case is not the one that leads to benefits.

The hard question presented by this case is how to handle VA's practice of bifurcating a single claim and adjudicating different theories separately. That is the question to which the system needs a clear answer. I believe it is necessary and appropriate to point it out at this juncture so that when this case is again reviewed by the Federal Circuit, it can provide clear guidance in announcing whatever conclusion it reaches.

It is not common for a claim to be bifurcated based upon the Gulf War illness statute and the traditional compensation statute. However, it is quite common to see a claim where the theories of direct, presumptive, or secondary service connection have been bifurcated. If the majority opinion is affirmed, the courts will eventually have to sort through the myriad of ugly procedural issues that arise under Title 38 when the statutory term "claim" does not actually mean "claim," at least some of the time. *See Tyrues I*, 23 Vet.App. at 195-96 (Lance, J., concurring in part and dissenting in part) (outlining several of the statutory interpretation problems created by the majority opinion). If the majority's opinion is rejected, then the system will need to adjust the handling of a large number of cases to conform to the new interpretation. Although the proper outcome may be debatable, no final resolution is certainly the worst possible outcome.

Nevertheless, to be clear, I have great respect for the court above and I do not relish critiquing their decision. However, I believe that there are certain circumstances in which we are obligated to raise an issue that may frustrate our ability to follow the Federal Circuit's mandate. *See*, *e.g.*, *Hayre v. Principi*, 15 Vet.App. 48, 52-54 (2001). This is one of those times.

Accordingly, for the reasons stated, I continue to stand by my prior dissent and I urge the Federal Circuit to clearly and directly address this issue of exceptional importance when this matter returns to that court.