NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. MAY,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7049

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2117, Judge Coral Wong Pietsch.

---

Decided:  November 13, 2013

---

ROBERT J. MAY, of Poland, Oregon, pro se.

RICHARD P. SCHROEDER, Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and TRACEY PARKER WARREN, Trial

Attorney, of the United States Department of Veterans Affairs, of Washington, DC.

————————————

Before RADER, *Chief Judge,* PROST, and MOORE, *Circuit Judges.*

PER CURIAM.

Robert J. May appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal of a decision by the Board of Veterans Appeals ("Board") denying him service-connected entitlements for his lumbar spine disability. *May v. Shinseki*, No. 12-2117, 2012 WL 4478804 (Vet. App. Oct. 1, 2012), *aff'd per curiam* 2012 WL 6603669 (Vet. App. Dec. 19, 2012). We affirm.

BACKGROUND

Mr. May served in the United States Marine Corps from August 1974 to November 1986, and then in the United States Army Reserve until January 1995. On November 4, 2011, the Board issued a decision concluding that: (1) Mr. May's claim for service connection for a right shoulder disability should be remanded to the Regional Office; (2) the criteria for entitlement to service connection for thoracic spine disability had not been met; (3) the criteria for entitlement to service connection for lumbar spine disability had not been met; and (4) the criteria for a disability rating in excess of 10% for incomplete paralysis of the sciatic nerve had not been met.

On February 22, 2012, Mr. May timely filed his notice of appeal, appealing "that portion of the Board's November 4, 2011 decision" relating to the sciatic nerve disability rating. Over the next four months, he filed a motion to vacate the Board's decision as it related to his lumbar spine condition and two motions to reconsider that same issue, all of which were denied. On June 26, 2012, while

his first appeal was still pending before the Veterans Court, Mr. May filed a second notice of appeal seeking review of the portion of the November 4, 2011 decision that related to his lumbar spine condition.

On October 1, 2012, the Veterans Court dismissed Mr. May's second notice of appeal as "unnecessary." *May*, 2012 WL 4478804, at *1. The court noted that "[w]hen an appellant appeals to this Court, it is a Board decision in its entirety that is appealed," and thus "all finally decided claims addressed in the Board's November 4, 2011, decision became subject to Court review" upon Mr. May's filing of his initial notice of appeal. *Id.* Mr. May filed a motion for reconsideration, which was denied. *May*, 2012 WL 6603669, at *1. He now appeals the Veterans Court's dismissal of his second appeal.

## DISCUSSION

This court's review of Veterans Court decisions is strictly limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."

We set aside Veterans Court interpretations only when they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law. 38 U.S.C. § 7292(d)(1).[1]

---

[1]   The Secretary argues that we should not exercise jurisdiction over this appeal because the Veterans Court's decision was not "final" and Mr. May was not "adversely

Mr. May raises several challenges to the Veterans Court's dismissal of his appeal. First, he argues that the Veterans Court's decision that he may not bring two separate appeals challenging the same Board decision contravenes 38 U.S.C. § 7266 because it is the notice of appeal that determines the scope of an appeal. Thus, he insists that because his first notice of appeal expressly limited its scope to a certain portion of the Board's decision, the rest of that decision remained available for a subsequent appeal. However, that section states only that in order to obtain review of "a final decision of the Board," a person must file a notice of appeal with the Veterans Court within 120 days. 38 U.S.C. § 7266(a). That language is entirely consistent with the Veterans Court's conclusion that there should be only one notice of appeal relating to any particular Board decision.

Second, Mr. May argues that the Veterans Court's policy of requiring claimants to challenge all aspects of a Board decision in the same appeal violates due process concerns because a claimant cannot fully respond to all Board actions within a 30-page brief. This argument fails as a matter of both law and fact. Federal courts have routinely dismissed due process challenges based on page limits. *See, e.g., Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997) (finding no due process violation because

affected" by it because he remained free to address the lumber spine disability issue in his pending appeal. However, Mr. May explained in his Reply Brief that he has already filed his Appellant's Brief in that appeal and addressed only the sciatic nerve rating. Moreover, the Secretary responded to his brief by asserting that he had therefore abandoned his right to appeal the lumbar spine and thoracic disabilities. Thus, at this time it appears that Mr. May has indeed been adversely affected in his ability to appeal the Board's decision on those issues.

"[e]nforcing page limits and other restrictions on litigants is rather ordinary practice"). Moreover, Rule 32(e) of the Veterans Court's Rules of Practice and Procedure permits a claimant to seek permission to exceed the prescribed page limit. Thus, Mr. May's constitutional due process rights were not violated by requiring him to appeal all of the issues in the Board's decision at once.

Third, Mr. May argues that the Veterans Court's policy contravenes 38 U.S.C. § 7252(a) because it effectively allows the Board to determine which claims are to be appealed. This argument is illogical; the ruling simply means that any issues the claimant wishes to appeal must be addressed at the same time in one appeal. There is no requirement that the claimant actually challenge each and every issue in a Board decision.

Fourth, Mr. May suggests that the Veterans Court's decision contravenes the holdings in *Henderson v. Shinseki*, 131 S. Ct. 1197 (2011), and *Tyrues v. Shinseki*, 631 F.3d 1380 (Fed. Cir. 2011).[2] However, neither of those decisions is relevant here. *Henderson* addressed a claimant's failure to comply with the 120-day deadline for filing a notice of appeal, and is therefore inapposite. 131 S. Ct. at 1206. In *Tyrues*, we held that where there is a "mixed decision"—in which one claim is remanded and another is denied—final determinations therein must be

---

[2] In his brief, Mr. May cites to the Supreme Court's opinion in *Tyrues v. Shinseki*, 132 S. Ct. 75 (2011). However, that decision merely granted certiorari in order to vacate and remand an earlier decision of this court in light of *Henderson*, 131 S. Ct. 1197. The discussion in Mr. May's briefs appears to be based on that underlying opinion, *Tyrues*, 631 F.3d 1380, which we reaffirmed in pertinent part after briefing was concluded in this case. *See Tyrues v. Shinseki*, No. 13-7007, 2013 WL 5567557 (Fed. Cir. Oct. 10, 2013).

timely appealed even if that means separating them from the remanded, non-final decisions. 631 F.3d at 1384-85. Mr. May argues that *Tyrues* supports his position that a veteran may bring multiple appeals from a single Board decision. But *Tyrues* speaks only to the separate appeal-ability of the final and non-final portions of a mixed decision. Here, Mr. May has attempted to file separate appeals of two different *final* determinations within the same Board decision, and so *Tyrues* does not control.

The Veterans Court's opinion relied instead on the ra-tionale of *Fagre v. Peake*, 22 Vet. App. 188 (2008), in which that court held that, in determining the timeliness of an appeal, it is "the entire Board decision that consti-tutes the final decision." *Id.* at 191. Thus, "the appel-lant's motion for Board reconsideration [of one claim] . . . served to abate the finality of the overall Board decision." *Id.*[3] The same principle applies here, as Mr. May's notice of appeal relating to one claim served as the appeal for the overall Board decision. The Veterans Court therefore did not err by concluding that Mr. May could not bring a second appeal relating to that same decision.

Finally, Mr. May argues that the Veterans Court can-not exercise plenary jurisdiction over the portion of the Board decision that is currently the subject of a motion for

---

[3]     Although Mr. May sought reconsideration of the Board's decision regarding his lumbar spine claim, he did so only after filing his initial notice of appeal. Thus, the reconsideration motion did not abate the finality of the Board's decision. To the contrary, "any attempt by the [Board] or the [Board] Chairman to order reconsideration of a [Board] decision after [a notice of appeal] has been timely filed with this Court is null and void unless the Court first orders a remand." *Graves v. Principi*, 294 F.3d 1350, 1352 (Fed. Cir. 2002) (internal quotation marks omitted).

revision under 38 U.S.C. § 7111. However, the Board's regulations clearly contemplate just such a situation, and provide that the Board will stay its consideration of a § 7111 revision motion "upon receiving notice that the Board decision that is the subject of the motion has been appealed to a court of competent jurisdiction until the appeal has been concluded or the court has issued an order permitting, or directing, the Board to proceed with the motion." 38 C.F.R. § 20.1410. In fact, a challenge under § 7111 is a collateral attack that is designed to be brought only "[o]nce a VA decision has become final— whether by completion or abandonment of the appeals process." *May v. Nicholson*, 19 Vet. App. 310, 317 (2005), *aff'd* 208 F. App'x 924 (Fed. Cir. 2006) (quoting 63 Fed. Reg. 27,534, 27,535 (May 10, 1998)). Thus, Mr. May will be free to pursue his § 7111 claim after the conclusion of his appeal.

Accordingly, because we discern no error in the Veterans Court's decision, the decision of the Veterans Court is affirmed.

## AFFIRMED

### COSTS

Each side shall bear its own costs.