KASOLD, Chief Judge,
concurring in the result:
I write separately to clarify that although we generally refer to issued Board decisions in the singular, the reality is that claimants often .seek multiple benefits and the Board frequently renders — in its issued decision — multiple decisions as to each benefit sought. Although a panel of the Court found it appropriate to delay a claimant who seeks Board reconsideration of one decision on benefits from appealing the other adverse, final decisions rendered in the same issued decision until the request for reconsideration on the one issue was resolved, see Fagre v. Peake, 22 Vet.App. 188, 191 (2008), the underlying rationale is suspect.
The Fagre panel reasoned that “the Court will not parse the Board decision into, or by, the various decisions it rendered with regard to the appellant’s claimed disabilities.” Id. at 190-91. This rationale ignores, however, the fact that most issued Board decisions are “parsed into, or by, the various decisions” rendered *62 in the issued Board decision. Indeed, many issued Board decisions include multiple decisions on a claim for benefits— affirming some benefits, remanding the claim as to other benefits, and denying some benefits. It is well settled that the Court lacks jurisdiction over that part of an issued Board decision that affirmed benefits or remanded as to some benefits, see 88 U.S.C. §§ 7252(a) and 7266(a); Hib-bard v. West, 13 Vet.App. 546, 549 (2000) (per curiam order) (noting Court’s jurisdiction is limited to appeals of final adverse Board decisions), but there is no dispute that the Court has jurisdiction over that part of the Board decision that denied benefits when an appeal as to that part of the decision is filed. E.g., Tyrues v. Shin-seki, 732 F.3d 1351, 1355 (Fed.Cir.2013) (noting that a “non-remanded portion of a mixed decision from the Board is final for the purposes of § 7266(a) and must be appealed within 120 days from the date of judgment,” subject only to equitable tolling); Evans v. Shinseki, 25 Vet.App. 7, 8 (2011) (noting lack of jurisdiction over matters remanded by the Board, yet exercising jurisdiction over an adverse, final decision of the Board in the same issued decision).
Because the rationale of Fagre is suspect, I do not join my colleagues’ reliance on it for today’s decision. Rather, I concur in the result because common sense dictates that a general NOA — as was used in this case and is used in the overwhelming majority of appeals to the Court[6]— places on appeal all adverse, final decisions of the Board contained in the issued Board decision being appealed. In this context, I concur with the holding today that when one or more adverse, final decisions of the Board contained in an issued Board decision is or are abandoned on appeal and not decided by the Court, a motion for revision of that Board decision based on CUE is not foreclosed. I also note that this case does not involve an NOA explicitly limited to only one adverse final decision or select multiple adverse final decisions contained in an issued Board decision, as has been the case in a limited number of appeals, generally with counsel representation. Cf. Lasovick v. Brown, 6 Vet.App. 141, 149 (1994) (recognizing that language quoted from a particular opinion, “although universal in scope, does not constitute binding precedent beyond the facts there before the Court”).

. Although the Federal Circuit broadly states in May v. Shinseki, 544 Fed.Appx. 1002, 1005-06 (Fed.Cir.2013), that an appeal of a Board decision places all issues on appeal, this clearly is an overstatement because favorable decisions and matters remanded in an appealed Board decision are not on appeal, as noted in the text of my statement. May simply did not contemplate the issues discussed in our decision today; it also is not prece-dential.