Citation Nr: 1736723 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 12-13 646 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE
 
Entitlement to service connection for a right ankle disability as secondary to the service-connected left knee disability. 
 

ATTORNEY FOR THE BOARD

Sara Schinnerer, Counsel











INTRODUCTION

The Veteran had active service in the United States Army from June 1986 to December 1992.

This appeal comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. In the decision, entitlement to service connection for a right ankle disability, among other issues, was denied. The Veteran appealed the underlying decision in a Notice of Disagreement received in June 2010. 

In his May 2012 substantive appeal, the Veteran requested a hearing before the Board. In correspondence received by VA in January 2013, the Veteran indicated that he wished to withdraw his hearing request. See 38 C.F.R. § 20.903(a) (2016). 

This matter was previously before the Board in September 2015 when it was remanded for additional development. 

This matter was more recently before the Board in January 2017. In that decision, the Board denied the issue of entitlement to service connection for a right ankle disorder; however, it bifurcated the portion of the claim involving secondary service connection, and remanded it for additional development. See Locklear v. Shinseki, 24 Vet. App. 311 (2011) (bifurcation of a claim generally is within VA's discretion); Tyrues v. Shinseki, 23 Vet. App. 166, 178-79 (2009), aff'd, 631 F.3d 1380 (Fed. Cir. 2011) (holding that it is permissible to bifurcate a claim and to adjudicate the distinct theories of entitlement separately). 

The record before the Board consists solely of the Veteran's electronic records within Virtual VA and the Veterans Benefits Management System (VBMS). 




FINDING OF FACT

The Veteran's current right ankle disability was not caused by or permanently worsened by his service-connected left knee disability. 


CONCLUSION OF LAW

A right ankle disability is not proximately due to or aggravated by a service-connected disability. 38 U.S.C.A. §§ 1110, 1131, 5103A, 5107 (West 2014); 38 C.F.R. § 3.303, 3.310 (2016). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2014), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2016), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. 

They also require VA to notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant. 

The Board also notes the United States Court of Appeals for Veterans Claims (Court) has held that the plain language of 38 U.S.C.A. § 5103(a) (West 2014), requires that notice to a claimant pursuant to the VCAA be provided "at the time" that or "immediately after" VA receives a complete or substantially complete application for VA-administered benefits. Pelegrini v. Principi, 18 Vet. App. 112, 119 (2004). The timing requirement enunciated in Pelegrini applies equally to the initial-disability-rating and effective-date elements of a service-connection claim. Dingess v. Nicholson, 19 Vet. App. 473 (2006).

With respect to the issue decided herein, the record reflects that the Veteran was provided all required notice in the letter mailed in April 2009, prior to the issuance of the June 2009 rating decision on appeal.

The Board also finds VA has complied with its duty to assist the Veteran in the development of his claim. All appropriate development to obtain the Veteran's pertinent, service treatment records and post-service VA and private medical records has been completed. The Veteran has not identified any pertinent, outstanding records that could be obtained to substantiate his claim. The Board is also unaware of any such records. Moreover, the Veteran was afforded appropriate VA examinations. VA has complied with its duty to assist the Veteran.

Accordingly, the Board will address the merits of the claim. 

II. Legal Criteria

Service connection is granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303 (d).

A disability deemed proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310 (a). Any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease, will be service connected. However, VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice-connected disease or injury. 38 C.F.R. § 3.310 (b). 

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

III. Factual Background and Analysis

In this case, the Board has reviewed all of the evidence of record, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record, but does not have to discuss each piece of evidence). Hence, the Board will summarize the relevant evidence where appropriate and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim on appeal.

Initially, the Board recognizes that the Veteran has a current diagnosis of the claimed disability. A July 2010 private treatment record confirmed arthritis of the right ankle. This diagnosis was confirmed by X-ray. Thus, the Veteran meets the current disability element of his service connection claim. 
As noted above, service connection for a right ankle disorder was denied in the January 2017 Board decision; thus, this decision will only address the remaining secondary claim. In this regard, the Veteran does contend that service connection is warranted for his current right ankle disorder because it is proximately due to and/or aggravated by his service-connected left knee disability. 

In June 2009, the Veteran underwent a VA examination for his right ankle. The examiner diagnosed residuals of a right ankle fracture/sprain. In providing a negative opinion with respect to direct service connection, the examiner stated that the Veteran's right ankle symptoms were relatively asymptomatic on clinical examination. The examiner did not provide an opinion that addressed secondary service connection. 

A June 2010 private treatment record from L.S. reflects the Veteran reported he fractured his right ankle eight to nine years prior (approximately 2001 or 2002) and had experienced intermittent pain ever since, and more pain the previous two to three years. He also reported occasional swelling and significantly more severe pain for the previous month. The diagnostic impression was most likely arthritic changes, possibly related to the remote fracture. A July 2010 record reflects a diagnosis of arthritis in the right ankle confirmed by x-ray.

A May 2011 VA outpatient treatment record reflects the Veteran complained of ankle pain, although he tried to avoid taking medication. He reported a right ankle fracture while in service in August 1991. A September 2011 record also reflects the Veteran reported an August 1991 right ankle fracture and a persistent deformity of the right ankle resulting in constant pain. On physical examination, the VA examiner noted a prominent right medial malleolus but no other abnormalities.

A September 2011 VA x-ray of the right ankle is negative for osseous defect, fracture or dislocation; the impression included old healed fracture of the medial malleolus.

A January 2012 VA x-ray of the right ankle includes an impression of minimal hypertrophic degenerative change to tibiotalar joint anteriorly. The examiner noted that there was no change since the previous September 2011 x-ray. 

In January 2016, the Veteran underwent another VA examination for his right ankle. At the time, the Veteran reported he inverted his right ankle during a basketball tournament in 1992, and sought medical attention the following day. He reported that his right leg was put in a cast and he was on crutches for four and a half months and was subsequently transitioned to a soft cast. Once out of immobilization, the Veteran indicated that he continued to use a splint to protect the ankle when walking and running; even so, he reported that the ankle injury would be re-aggravated. As far as course since onset, the Veteran reported that his ankle had "never been the same" after the in-service injury, that the medial malleolus stuck out, and that nothing helped with his pain. He also reported that he used a sleeve on the ankle when walking but the ankle would still swell and become painful with too much activity. Upon examination of the Veteran and review of the evidence of record, the examiner diagnosed degenerative joint disease of the right ankle confirmed by x-ray and residuals of an old healed fracture of the medial malleolus of the right ankle. The examiner did not provide an opinion that addressed secondary service connection. 

In a March 2017 VA addendum medical opinion, a VA examiner reviewed the evidence of record and indicated that the record did not demonstrate objective evidence of an altered gait or limp. The examiner opined that the Veteran's service-connected left knee disability "less likely" than not caused or aggravated the Veteran's current right ankle disability. In providing this opinion, the examiner noted that in addition to a lack of objective evidence of an altered gait or limp, the review of current peer reviewed orthopedic literature does not support the Veteran's theory that his current right ankle arthritis is due to or aggravated by the claimed altered gait or limp. Moreover, the examiner found that the etiology of the Veteran's current right ankle arthritis was multifactorial. Specifically, the examiner noted that current literature supports that a bony injury of a joint could often lead to degeneration of a joint. Additionally, the examiner noted that the Veteran's age and obesity, and other possible intercurrent injury also most likely contributed to the degeneration of his right ankle. 

The Board recognizes that the Veteran might sincerely believe that his right ankle disorder is related to his service-connected left knee disability. In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on his symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a Veteran is competent to report on that of which he or she has personal knowledge); see also Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Although the Veteran is competent to report his symptoms, he does not possess the medical expertise required to provide a competent opinion concerning the etiology of the disability at issue. In any event, the Veteran's lay opinion is clearly of less probative value than the VA medical opinion against the claim.

The Board has duly considered the benefit of the doubt doctrine. However, for the reasons explained above, the Board has determined that the preponderance of the evidence is against the Veteran's claim, so that doctrine is not applicable to this claim.


ORDER

Service connection for right ankle disability as secondary to the service-connected left knee disability is denied.




____________________________________________
B. MULLINS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs