Citation Nr: 1331570 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 09-28 669 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for bilateral pes planus.

2. Entitlement to service connection for a bilateral foot disability, other than bilateral pes planus, to include right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis manifested by heel pain.

3. Entitlement to service connection for bilateral hearing loss.

4. Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America



ATTORNEY FOR THE BOARD

L.M. Yasui, Counsel


INTRODUCTION

The Veteran, who is the appellant in this case, served on active duty from March 1989 to September 1990.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from December 2008 and April 2010 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In March 2012, the Board remanded the issues of entitlement to service connection for bilateral hearing loss and a low back disability for additional development. In a January 2013 decision (pursuant to an August 2012 Court Order granting a Joint Motion for Remand), the Board remanded the issue of entitlement to service connection for a bilateral foot disability, to include bilateral pes planus, right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis, to afford the Veteran a VA orthopedic examination. The matter has properly been returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998). Full discussions regarding the RO's compliance with the March 2012 and January 2013 Board Remands are included in both the Duties to Notify and Assist and Remand sections below.

After reviewing the contentions and evidence of record, the Board finds that the issues on appeal are more accurately stated as listed on the title page of this decision. In this regard, as noted in the January 2013 Board Remand, the issues on appeal encompass foot conditions in addition to bilateral pes planus. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (the scope of a disability claim includes any disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record). 

The portion of the service connection claim that involves bilateral pes planus, is addressed in this decision on the merits; the remaining portion of the claim for service connection for a bilateral foot disability, (other than pes planus), including right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis, is addressed in the REMAND section of this decision. The Board recognizes that in most cases, it may be more efficient to address all diagnosed foot disabilities as part of one issue of service connection for a bilateral foot disability. In this Veteran's case, however, because service connection for pes planus and service connection for bilateral foot disabilities other than pes planus are adjudicated under different theories of entitlement (on aggravation and direct service connection, respectively), the Board finds that the portion of the claim for service connection for pes planus is ready for adjudication on the merits, whereas the portion of the broadened claim for service connection for bilateral foot disabilities other than pes planus is not ready for adjudication. Such bifurcation of a claim is generally within the Secretary's discretion. See Tyrues v. Shinseki, 23 Vet. App. 166, 176 (2009) (en banc) (holding that it is permissible for the VA Secretary to bifurcate a request for benefits on the basis of direct service connection from the request on the basis of presumptive service connection), aff'd 631 F.3d 1380 (Fed. Cir. 2011).

While the Board is adjudicating the claim for service connection for a bilateral foot disability as two separate issues, in order to comply with the United States Court of Appeals for Veterans Claims Court's (Court) decision in Clemons, it is doing so to afford the Veteran the benefit of assistance with regard to the remaining portion of the claim. The Veteran is not prejudiced by the Board's adjudication of the claim as two issues on appeal as any final decision of the Board is appealable to the Court. Tyrues, 23 Vet. App. at 178 (overruling Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

In evaluating this case, the Board has not only reviewed the physical claims file, but has also reviewed the Veteran's file on the "Virtual VA" system to ensure a complete assessment of the evidence. Additional evidence was submitted in March 2013, specifically, private treatment reports, which were submitted after the case was certified to the Board that was not considered in the most recent May 2013 supplemental statement of the case. The Veteran did not submit a waiver of initial RO consideration of this evidence; however, upon review of this particular evidence, the Board finds no reason to seek a waiver of consideration of this evidence by the RO or to remand the matter for RO consideration of the evidence as the private treatment records are not pertinent and do not relate to or have a bearing on the issue adjudicated herein. 38 U.S.C.A. § 20 .1304 (2013). In this regard, the evidence relates to treatment for a bilateral foot disability other than pes planus, specifically, bilateral plantar fasciitis (addressed in the REMAND section below).

The issues of entitlement to service connection for a bilateral foot disability, other than bilateral pes planus, to include right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis, service connection for bilateral hearing loss, and service connection for a low back disability are addressed in the REMAND portion of the decision below and are REMANDED to the RO via the Appeals Management Center (AMC) in Washington, DC.


FINDINGS OF FACT

1. Bilateral pes planus was noted at entrance into service and the presumption of soundness does not apply.

2. Bilateral pes planus was not aggravated by service as it is not shown to have increased in severity to a degree greater than its natural progression.


CONCLUSION OF LAW

The criteria for service connection for bilateral pes planus have not been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1153, 1154(b), 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304 (2013).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations imposes obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2013). 

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative of any information, and any medical or lay evidence, not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). VCAA notice should be provided to a claimant before the initial unfavorable agency of original jurisdiction decision on a claim. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). 

The Court issued a decision in the appeal of Dingess v. Nicholson, 19 Vet. App. 473 (2006), which held that the notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a service connection claim, including the degree of disability and the effective date of an award. Those five elements include: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. 

In a timely letter dated in May 2008, the RO provided notice to the Veteran regarding what information and evidence is needed to substantiate claim for service connection, as well as what information and evidence must be submitted by the Veteran, and what evidence VA would obtain. The May 2008 letter included provisions for disability ratings and for the effective date of the claims.

With regard to the duty to assist, VA has made reasonable efforts to obtain relevant records and evidence with respect to the issue adjudicated herein. Specifically, the information and evidence that has been associated with the claims file includes the Veteran's service treatment records, post-service VA and private treatment records, VA examinations in August 2008 and April 2013 (afforded to the Veteran pursuant to the January 2013 Board Remand), and the Veteran's statements. 

To that end, when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). While the claim regarding the Veteran's bilateral foot disability other than pes planus is being remanded below due to an inadequacy of portions of the April 2013 VA examination (discussed in detail in the Remand section below), the fact that one part of a medical opinion may be inadequate (or arguably "insufficient") does not render the entire opinion "void," particularly dealing with complex medical aggravation issues, if that part of the medical opinion has actual validity (based on a review of the evidence). Here, the Board finds that the VA opinions and findings obtained in this case are adequate solely with respect to the service connection claim for pes planus. The VA opinions provided in both the August 2008 and April 2013 VA examination reports regarding the Veteran's bilateral pes planus, taken together, considered all of the pertinent evidence of record and provided a rationale for the opinions stated. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4); see also Stegall, 11 Vet. App. at 268.

To the extent that the Veteran's representative asserts, in a July 2013 Informal Hearing Presentation, that there are outstanding VA treatment records, the Board finds that all development has been accomplished regarding the claim adjudicated herein. Indeed, as noted by the Veteran's representative, the Veteran submitted a statement, dated in May 2010 and received in June 2010, indicating the possibility of outstanding records pertaining to his hearing loss claim. In short, the Veteran has not contended that there are outstanding records pertaining to the bilateral pes planus claim. In this regard, the VA treatment records pertaining to the Veteran's claim for bilateral hearing loss is addressed in the REMAND section below.

As such, the RO has provided assistance to the Veteran as required under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c), as indicated under the facts and circumstances in this case. The Veteran has not made the RO or the Board aware of any additional evidence that needs to be obtained in order to fairly decide this appeal. Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F. 3d 1328 (Fed. Cir. 2006). Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist the Veteran in the development of the claim.

Service Connection - Laws and Regulations

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996). The Court has held that "Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. In the absence of proof of a present disability there can be no valid claim." Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); see also Rabideau v. Derwinski, 2 Vet. App. 141, 143-44 (1992).

A Veteran who served during a period of war, or after December 31, 1946, will be considered to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior to service and was not aggravated by such service. 38 U.S.C.A. § 1111.

At the onset in the determination of whether the presumption of soundness attaches is the finding of an entrance examination noting no physical defects, and evidence showing that the Veteran suffered from an injury or disease in service. If this is found, VA must then address both the preexistence prong and the aggravation prong (lack of aggravation), both of which must be proven by clear and unmistakable evidence to rebut the presumption.

A preexisting injury or disease will be considered to have been aggravated by service where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 U.S.C. § 1153; 38 C.F.R. § 3.306 (2013). Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during, and subsequent to service. 38 U.S.C. § 1153; 38 C.F.R. § 3.306(b); Falzone v. Brown, 8 Vet. App. 398, 402 (1995). Temporary or intermittent flare-ups of a preexisting injury or disease are not sufficient to be considered "aggravation in service" unless the underlying condition, as contrasted with symptoms, has worsened. Hunt v. Derwinski, 1 Vet. App. 292, 297 (1991). 

In rendering a decision on appeal the Board must also analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).

Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 
10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify").

A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. See Layno, 6 Vet. App. 465. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr, 21 Vet. App. a 303. Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). A veteran as a lay person is competent to offer an opinion on a simple medical condition. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009) (citing Jandreau at 1372).

The Board has reviewed all of the evidence in the Veteran's claims file, with an emphasis on the evidence relevant to these appeals. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence of record. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (holding that VA must review the entire record, but does not have to discuss each piece of evidence). Hence, the Board will summarize the relevant evidence where appropriate and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claims.

Service Connection for Bilateral Pes Planus

As noted above, the first inquiry is whether there was evidence that the condition existed prior to enlistment. In this case, the enlistment examination, dated February 1989, noted moderate pes planus that was asymptomatic. As such, the presumption of soundness does not apply to this case. 38 U.S.C.A. §§ 1111, 1132 (West 2002).

The Veteran cannot bring a claim for service connection for incurrence of bilateral pes planus (direct service connection), but he may bring a claim for service-connected aggravation of that disorder. Wagner v. Principi, 370 F. 3d 1089 (Fed. Cir. 2004). In this case, 38 U.S.C.A. § 1153 applies and the burden falls on the Veteran to establish aggravation. See Jensen v. Brown, 19 F.3d 1413, 1417 (Fed. Cir. 1994). Simply stated, the remaining governing question is whether the Veteran's bilateral pes planus, which preexisted service, was permanently, chronically aggravated beyond the natural progress of the condition during military service. Here, the Veteran has not carried his burden of showing his bilateral pes planus was aggravated by service.

With regard to aggravation of a preexisting condition, the Veteran's service treatment records do not show complaints of, or treatment for, pes planus (other than that already noted above upon enlistment). A separation examination from July 1990 revealed that the Veteran had a normal evaluation of the feet. At that time, the Veteran also explicitly denied foot trouble. In short, the pes planus noted on entrance was not present when he was discharged from service. Indeed, the separation report of medical examination revealed no finding of pes planus and provides no evidence of worsening of his preexisting pes planus. 38 U.S.C.A. § 1153; 38 C.F.R. § 3.306(a).

Upon objective testing during an August 2008 VA examination of the feet, the examiner noted Grade III pes planus. The examiner diagnosed bilateral pes planus, greater on the right. An August 2008 X-ray study of the feet yielded normal results. In an October 2008 addendum to the August 2008 VA examination report, the examiner observed that pes planus was noted on enlistment and that there was no treatment for the condition in service. The examiner also noted the recent normal X-ray study of the feet. The examiner opined that the Veteran's bilateral pes planus was not aggravated by service because there was no evidence in support of this proposition pursuant to a review of the record.

Further, the record is absent of any complaint or diagnosis of, or treatment for, pes planus until the August 2008 VA examination, approximately 18 years after separation from service. This is probative evidence against the contention that bilateral pes planus increased in severity during service.

Pursuant to the January 2013 Board Remand, the Veteran underwent another VA examination of the feet. Upon physical examination, the examiner found no clinical evidence of bilateral pes planus. He noted the Veteran's complaint of bilateral plantar heel pain that started in service and continued since service. The examiner also noted that the Veteran's pes planus was asymptomatic upon enlistment and that there were no complaints of, treatment for, or diagnosis of any foot condition in service treatment records. Considering this evidence, to include the Veteran's lay assertions of plantar heel pain in service, the examiner opined that there is no evidence of any aggravation of the pre-existing condition, bilateral pes planus.

In this case, the Veteran has not met his burden of establishing aggravation. The Veteran himself has not contended that the bilateral pes planus was aggravated by service, but that he had symptoms of plantar heel pain in service that continued since service; however, as repeatedly noted, because pes planus was noted on entry, service connection for the disability can only be granted on the basis of aggravation. Even if the Veteran had heel pain at some period in service, which he did not report and was not treated, the contemporaneous evidence does not reveal a permanent worsening of the preexisting pes planus. Indeed, the July 1990 separation examination indicated a normal evaluation of the feet and the Veteran himself did not report any foot problems at that time. See Hunt, 1 Vet. App. at 297 (temporary or intermittent flare-ups of a preexisting injury or disease are not sufficient to be considered "aggravation in service" unless the underlying condition, as contrasted with symptoms, has worsened).

Here, the Board places more weight on the objective medical evidence and the VA examiners' opinions. The separation examination shows a normal evaluation of the feet and objective testing was provided post service which did not indicate worsening of bilateral pes planus from prior to and during service. Both VA examiners concluded that there was no aggravation by active service of the preexisting pes planus. As such, the Board finds that the Veteran's bilateral pes planus was not aggravated by service. For these reasons, the Board finds that a preponderance of the evidence is against the Veteran's claim of service connection for bilateral pes planus, based on aggravation, and the claim must be denied. Because the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine is not for application. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 54.



ORDER

Service connection for bilateral pes planus is denied.


REMAND

A remand is required in this case to ensure that there is a complete record upon which to decide the Veteran's claims of service connection for a bilateral foot disability, other than bilateral pes planus, to include right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis, service connection for bilateral hearing loss, and service connection for a low back disability. VA has a duty to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for the benefits sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A(a) (West 2002); 38 C.F.R. § 3.159(c), (d) (2013).

A remand by the Board confers on the claimant, as a matter of law, the right to compliance with the remand orders. Stegall at 271. Failure of the Board to ensure compliance with remand instructions constitutes error and warrants the vacating of a subsequent Board decision. Id.

A Bilateral Foot Disability, Other Than Bilateral Pes Planus, to Include Right Foot Strain With Degenerative Joint Disease, Mild Hallux Deformities of the Great Toes, and Plantar Fasciitis

In April 2013, the Veteran underwent a VA orthopedic examination pursuant to the January 2013 Board Remand. As to the diagnosed bilateral foot disabilities other than pes planus, to include right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis, the examiner opined that the current foot conditions are not related to military service. He indicated that there was no evidence of any complaints, treatment, or diagnosis of any foot condition in service and that there is no evidence of any complaints or treatment proximate to discharge. The Board finds this opinion inadequate as it contradicts the evidence of record. Indeed, the Veteran has repeatedly contended that he had foot pain, specifically heel pain, in service and since service separation. As explicitly instructed in the January 2013 Remand, the examiner was also charged with explaining why the Veteran's assertions of symptomatology since service are unrelated to any current diagnosis of right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis. While the examiner addressed the May 2009 private opinion in the April 2013 examination report (as also directed in the January 2013 Remand), he did not address the Veteran's lay contentions. As such, an addendum medical opinion is necessary to assist the Board in determining the etiology of the Veteran's bilateral foot disabilities other than pes planus.

Bilateral Hearing Loss

The Veteran was afforded a VA audiology examination in December 2009, which included an addendum medical opinion. Upon examination, puretone thresholds at the test frequencies of 500, 1000, 2000, 3000, and 4000 Hertz in the right ear were 10, 10, 10, 25, and 35 decibels, respectively, with an average puretone threshold of 20 decibels. The speech recognition score for the right ear was 100 percent. Puretone thresholds at the test frequencies of 500, 1000, 2000, 3000, and 4000 Hertz in the left ear were 10, 15, 20, 30, and 40 decibels, respectively, with an average puretone threshold of 26 decibels. The speech recognition score for the left ear was 100 percent. As such, the Veteran does not have a hearing loss disability for VA purposes in the right ear and has a hearing loss disability for VA purposes in the left ear.

The December 2009 examiner opined, in a December 2009 addendum medical opinion, that the Veteran's hearing loss is less likely as not a result of noise exposure during military service. The Board finds this opinion inadequate as the December 2009 VA examiner provided no rationale or basis for the opinion proffered. In addition, it has been four years since the last VA examination and the record is now unclear as to whether the Veteran has a bilateral hearing loss disability for VA purposes. As such, another VA audiology examination is warranted.

In addition, in a May 2010 statement, received in June 2010, the Veteran indicated that a VA otolaryngologist stated that his hearing loss is due to service. While the RO complied with the March 2012 Remand directives that requested the Veteran's VA treatment records from March 2010 to the present (located in Virtual VA), the Board notes that the treatment from the VA otolaryngologist identified by the Veteran may have preceded March 2010 and the RO should also attempt to obtain those records.

Low Back Disability

In an August 2008 VA examination report, the Veteran was diagnosed with degenerative disc disease of the lumbar spine with back pain and bilateral leg radiation. The Board found the August 2008 medical opinion regarding the back inadequate as the examiner did not provide an adequate rationale. Pursuant to the March 2012 Board Remand, the Veteran was afforded a VA examination of the back in April 2012. There, the Veteran was diagnosed with lumbar herniated disc. The April 2012 examiner opined that the back disability is less likely as not incurred in or caused by the claimed in-service injury, event, or illness; however, the Board finds the examiner's rationale internally inconsistent. The April 2012 examiner noted the Veteran's one-time back strain in service and the lack of medical care for a back condition within one year after discharge. The examiner also indicated that the "reason of his current low back pain is unknown in view of no history of trauma or accident." This is contradicted by the in-service evidence of record and the examiner's own finding of an in service back strain. The Board also notes that the opinion does not address why the in service diagnosis, along with the Veteran's assertions of back symptoms since service, are unrelated to any current diagnosis, as instructed by the March 2012 Remand. As such, the April 2012 medical opinion is also inadequate and an addendum medical opinion should be obtained.

Accordingly, the issues of entitlement to service connection for a bilateral foot disability, other than bilateral pes planus, to include right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis, service connection for bilateral hearing loss, and service connection for a low back disability, are REMANDED for the following action:

1. Associate with the claims file all VA clinical records specifically pertaining to the Veteran's hearing loss treatment, to include with a VA otolaryngologist. If such records do not exist or are otherwise not available, the RO must associate the negative response with the claims file.

2. If possible, request that the medical professional who conducted the April 2013 VA examination of the feet review the claims file and provide an addendum medical opinion. The claims file, including a copy of this Remand, must be made available to, and be reviewed by, the examiner. The examiner should note such review in the examination report (another examination of the Veteran is not required).

If the April 2013 examiner is not available, obtain the requested opinion from a medical professional with expertise in orthopedics. If the examiner determines that an additional examination of the Veteran is necessary to provide reliable opinions as to causation, such examination should be scheduled. However, the Veteran should not be required to report for another examination as a matter of course, if it is not found to be necessary. The claims folder must be made available to and reviewed by the examiner.

As to each disability diagnosed, to include right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis, and excluding bilateral pes planus, the examiner is requested to provide an opinion on the following:

Is it at least as likely as not (a 50 percent probability or greater) that any current bilateral foot disability, including right foot strain with degenerative joint disease, mild hallux deformities of the great toes, and plantar fasciitis, began during service or is otherwise etiologically related to some incident of active duty?

In the event that the examiner finds that any current bilateral foot disability is unrelated to service, the examiner must explain why the Veteran's assertions of symptomatology since service, specifically heel pain, are unrelated to any current diagnosis.

3. Schedule the Veteran for a VA audiology examination. The Veteran's claim folder and a copy of this Remand should be furnished to the examiner, who should indicate in the examination report that he or she has reviewed the claims file. All findings should be described in detail, and all necessary diagnostic testing performed.

The nature and extent of current bilateral hearing loss, if any, should be evaluated.

The examiner is requested to provide an opinion on the following:

Is it at least as likely as not (a 50 percent probability or greater) that the Veteran's bilateral hearing loss, if present, was caused by his active service from March 1989 to September 1990, to include routinely being exposed to hazardous noise?

4. If possible, request that the medical professional who conducted the April 2012 VA examination of the spine review the claims file and provide an addendum medical opinion. The claims file, including a copy of this Remand, must be made available to, and be reviewed by, the examiner. The examiner should note such review in the examination report (another examination of the Veteran is not required).

If the April 2012 examiner is not available, obtain the requested opinions from a medical professional with expertise in orthopedics. If the examiner determines that an additional examination of the Veteran is necessary to provide reliable opinions as to causation, such examination should be scheduled. However, the Veteran should not be required to report for another examination as a matter of course, if it is not found to be necessary. The claims folder must be made available to and reviewed by the examiner.

The examiner is requested to provide opinions on the following:

Is it at least as likely as not (a 50 percent probability or greater) that any current low back disability began during service or is otherwise etiologically related to some incident of active duty?

In the event that the examiner finds that any current low back disability is unrelated to service, the examiner must explain why the Veteran's assertions of symptomatology since service are unrelated to any current diagnosis.

As to all three examiners:

The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it.

A rationale should be given for all opinions and conclusions rendered. The opinions should address the particulars of this Veteran's medical history and the relevant medical science as applicable to this claim.

5. Then, review the claims folder and ensure that all of the foregoing development actions have been conducted and completed in full.

In this regard, ensure that the detailed questions asked by the Board have been addressed by the examiners.

If any development is incomplete, appropriate corrective action is to be implemented. Specific attention is directed to the medical opinions. If the requested opinions do not include adequate responses to the specific opinions requested, they must be returned for corrective action. 38 C.F.R. § 4.2 (2013); see also Stegall at 268.

6. After completing any additional notification and/or development action deemed warranted by the record, readjudicate the claim on appeal. The readjudication should reflect consideration of all the evidence of record, including the Veteran's May 2013 submission, and be accomplished with application of all appropriate legal theories.

If the benefits sought on appeal remain denied, the Veteran and his representative should be provided a supplemental statement of the case (SSOC). The SSOC must contain notice of all relevant actions taken on the claim for benefits, to include a summary of the evidence and applicable law and regulations considered pertinent to the issues currently on appeal. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



______________________________________________
K.J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs